J-A33014-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| FRANCES K. GAYLER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN E. GAYLER, | : | |
| | : | |
| Appellant | : | No. 537 WDA 2016 |

Appeal from the Order Entered April 5, 2016
in the Court of Common Pleas of Allegheny County
Family Court at No(s): FD-13-7148-008

| FRANCES K. GAYLER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN E. GAYLER, | : | |
| | : | |
| Appellant | : | No. 624 WDA 2016 |

Appeal from the Order Entered April 5, 2016
in the Court of Common Pleas of Allegheny County
Family Court at No(s): FD-13-7148-008

BEFORE:    LAZARUS, SOLANO, and STRASSBURGER, JJ.*

CONCURRING MEMORANDUM BY STRASSBURGER, J.: **FILED: APRIL 11, 2017**

I fully agree with the Majority and the trial judge regarding the increase in value of Wife's premarital funds ("the Hobart assets") and the reduction in Husband's share because of Wife's payment of college education expenses from those assets.

*Retired Senior Judge assigned to the Superior Court.

I agree with the result reached regarding Husband's claim for a credit for the premarital value of his business, Compix, Inc. However, I come at that result by a different route than the Majority and the trial judge. The trial judge stated: "I determined that, by jointly titling the funds and surrendering all control over the funds to Wife, Husband made a gift to the marriage of any non-marital value. **Accordingly, my analysis ended there**." Trial Court Opinon, 7/29/2016, at 7 (emphasis added).

It should not have ended there. I do not dispute that the property, became marital when it was placed in joint names. That does not mean that Wife necessarily gets the same percentage of the pre-marital value of the business as all other assets (here 50/50).

In **Sergi v. Sergi**, 506 A.2d 928 (Pa. Super. 1986), this Court quoted approval for the "disappearing credit" analysis described by Common Pleas Court Judge Lawrence W. Kaplan:

> It has been my approach, where we have definable premarital cash and where the marriage has not been of a long duration, to give some credit to the respective parties for these premarital cash assets, but not necessarily the entire amount.
>
> I look upon these credits as being more or less a disappearing credit, depending upon the length of the marriage. If the parties have been married a long time, perhaps there is no credit whatsoever. But in this case, the parties had been married five and a half years, and I feel that they are each entitled to some credit for their premarital cash ...

**Id**. at 933.

Had the parties separated immediately after marrying, Wife would likely get none of the increase. After a lengthy marriage, Wife would get a full marital share. It is a sliding scale, a disappearing credit.

The trial judge determined that the premarital value of Husband's business was $32,000. By the time of separation, 24 years later, that credit has disappeared.